HOGENDYK v. CONSUMERS' ICE CO.

1. NEGLIGENCE—COLLISION—QUESTION FOR JURY—DIRECTED VERDICT.
   In an action for damages to plaintiff, caused by a collision with defendant's wagon in a public street, the disputed question as to whether defendant's horse suddenly turned toward the curb, and thus caused the accident, should have been submitted to the jury, and the court below was in error in directing a verdict for defendant.

2. CONTRIBUTORY NEGLIGENCE—COLLISION—HIGHWAYS AND STREETS.
   Ordinarily one would not be guilty of contributory negligence, as a matter of law, in driving between another wagon and the curb, where he was three or four feet from the wagon and eight or ten feet from the curb.

3. SAME—NOTICE.
   Nor could he be charged, under ordinary circumstances, with knowledge that the horse was likely to make a sharp turn toward the curb before the wagons had cleared, because that does not usually happen.

4. SAME—COLLISION—REASONABLE CARE—QUESTION FOR JURY.
   Where defendant's horse was apparently unattended, the questions as to whether plaintiff should have exercised greater care and driven closer to the curb, or watched the final clearance of the wagons more closely, being ones about which reasonable minds might differ, the question whether plaintiff exercised such care as he should, under all the circumstances of the case, was one for the jury.

Error to Kent; Brown, J. Submitted October 26, 1916. (Docket No. 175.) Decided March 29, 1917.

Case by Martin Hogendyk against the Consumers' Ice Company for personal injuries. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*McKenna & Herman*, for appellant.
*Corwin & Norcross*, for appellee.

BIRD, J. As plaintiff was driving south on Jefferson avenue near Wealthy avenue, in the city of Grand Rapids, with a horse and light wagon, he overtook and passed one of defendant's ice wagons. He passed some distance beyond and turned up to the west curb in front of one of the business places in that vicinity. His children, who were riding with him, alighted, and he then swung to the left, crossing the street to the east curb, and turned to go back north. As he did so, he noticed that the ice wagon was coming toward him, and, when he had made the turn and was facing north, the horses' heads were nearly opposite each other. The distance between the ice wagon and the east curb was at least 16 feet, and the clearance between the wagons was between 3 and 4 feet. The passage was made in safety until plaintiff's wagon passed the horse attached to the ice wagon, when he turned toward the east curb, thereby bringing the rear inside wheels of the wagons in collision. Plaintiff's wagon was upset and he was thrown out. He insisted that defendant was at fault, and he brought this suit to recover his damages. The case was tried and submitted to the jury, and after deliberating for several hours they were recalled and a verdict directed for defendant on the grounds that defendant was free from negligence and plaintiff was guilty of contributory negligence.

1. Was defendant free from negligence? It was claimed by plaintiff that defendant's horse was proceeding without a driver when the collision occurred. It is claimed by defendant that the driver was on the rear step of the ice wagon. If the horse turned to the east before the wagons had passed each other, and in consequence thereof a collision occurred, the defendant would be guilty of negligence, and this would be true whether the horse was going of his own accord or whether he was being driven. But defendant insists that its horse did not turn toward the curb and

cause the collision, but kept on in a straight line. This, then, makes a question of fact for a jury to determine.

2. Was plaintiff guilty of contributory negligence? Plaintiff's proofs tend to show that, after he effected the turn and started north, he was on a line 3 or 4 feet from the ice wagon and 8 or 10 feet from the east curb. Ordinarily, one would not be guilty of negligence as a matter of law in driving that distance from another wagon on a city street, and under ordinary circumstances we think he could not be chargeable with knowledge that the horse was likely to make a sharp turn toward the curb before the wagons had cleared, because that thing does not usually happen. But whether, in view of the fact that the horse was apparently going unattended, plaintiff should have exercised greater care and driven closer to the east curb, or watched the final clearance of the wagons more closely, are questions about which reasonable minds might differ. Therefore we are of the opinion that the question whether plaintiff exercised such care as he should have exercised under all the circumstances of the case was one for the jury.

In view of these conclusions, the judgment must be reversed, and a new trial ordered, with costs to the plaintiff.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.